IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-001309-BNB

PATRICK DURAY PORTLEY-EL,

    Applicant,

v.

WARDEN HOYT BRILL (KCCC), and
CORRECTION CORPORATION OF AMERICA,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
          COLORADO

SEP 24 2009

GREGORY C. LANGHAM
               CLERK

ORDER OF DISMISSAL

Applicant, Patrick Duray Portley-El, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Portley-El initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions and sentences in Arapahoe County District Court case numbers 88CR1555 and 89CR430. He has paid the $5.00 habeas corpus filing fee.

On June 25, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 3, 2009, after being granted an extension of time, Respondents filed their preliminary response. In the preliminary response, Respondents note that Mr. Portley-El has filed a second habeas corpus

action, *see Portley-El v. Warden Hoyt Brill*, No. 09-cv-01310-BNB (D. Colo. filed June 4, 2009), in which he again attacks his convictions and sentences in Nos. 88CR1555 and 89CR430, as well as three additional convictions. On August 27, 2009, Mr. Portley-El filed his reply to the pre-answer response.

The Court must construe liberally Mr. Portley-El's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be denied and the action dismissed.

## Arapahoe County District Court Case No. 88CR1555

In *People v. Portley*, No. 90CA0859 (Colo. Ct. App. Dec. 17, 1992) (answer, ex. C), published at 857 P.2d 459 (Colo. 1992), Arapahoe County District Court Case No. 88CR1555 was remanded for further proceedings on a jury selection issue under *Batson v. Kentucky*, 476 U.S. 79 (1986). The trial court ultimately vacated the judgment of conviction and ordered a new trial. Mr. Portley-El entered a plea of guilty to sexual assault in the first degree and second-degree kidnapping. On May 4, 1995, he was sentenced to two consecutive terms of imprisonment totaling fifty-four years. He did not file a direct appeal.

On August 31, 1995, after his conviction on remand, Mr. Portley-El filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On September 15, 1995, the trial court granted a request to delay ruling pending the submission of additional evaluations. The register of actions does

not reflect that the court ruled on the Colo. R. Crim. P. 35(b) motion. On April 5, 2002, Mr. Portley-El filed a motion to vacate and/or set aside illegally aggravated sentences pursuant to Colo. R. Crim. P. 35(a). On July 31, 2002, the trial court denied his motion to vacate and/or set aside his sentence. He did not appeal.

<u>Arapahoe County District Court Case No. 89CR430</u>

In No. 89CR430, Mr. Portley-El pleaded guilty to aggravated robbery and mandatory sentencing for a crime of violence – deadly weapon. On April 24, 1990, he was sentenced to two consecutive twenty-six-year terms of imprisonment to run concurrently with the sentence imposed in 88cr1555 and another conviction. He did not appeal.

On June 4, 2009, Mr. Portley-El filed the instant habeas corpus application. He asserts five claims:

> 1. that Colo. Rev. Stat. § 16-11-309, the crime of violence statute, was unconstitutionally applied (violating due process and double jeopardy) in 89CR430 because there is no difference between the elements that constitute a crime of violence and the elements that constitute the aggravated version of the common law crime of robbery;
>
> 2. that the trial court did not have subject matter jurisdiction in 88CR1555 to impose a term of imprisonment based upon specific subsections of criminal statutes when his mittimus reflects that he was only charged with a criminal statute general in nature;
>
> 3. that the trial court misunderstood the nature of a consolidated plea and erroneously sentenced him to terms not agreed upon in 89CR430;
>
> 4   that the trial court violated double jeopardy, collateral estoppel, and due process in 88CR1555 by sentencing him on remand to a term of imprisonment that was greater than the original term he received upon

3

conviction in the first trial; and

     5.    that the trial court violated due process and fundamental fairness in 88CR1555 and 89CR430 by failing to give adequate notice of the possibility of departure from the presumptive range and by failure to make specific detailed findings of extraordinary circumstances.

Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, Respondents fail to address the issue of whether Mr. Portley-El abandoned his Colo. R. Crim. P. 35(b) postconviction motion filed in No. 88CR1555, which is not reflected in the register of actions as being ruled on by the trial court. Therefore, assuming that the Colo. R. Crim. P. 35(b) postconviction motion remains pending, the Court will refrain from dismissing the instant action as time-barred.

However, Mr. Portley-El appears to have failed to exhaust state remedies. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Because Mr. Portley-El did not appeal, either directly or from the denial of his postconviction proceedings, in Nos. 88CR1555 and 89CR430, he did not finish one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Although Mr. Portley-El failed to exhaust state court remedies for his claims, the Court may not dismiss the claims for failure to exhaust state remedies if Mr. Portley-El

no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as time-barred, *see* Colo. Rev. Stat. § 16-5-402, and as successive under Colo. R. Crim. P. 35(c)(3) because the claims could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VII). Therefore, the claims that Mr. Portley-El failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Portley-El's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Portley-El must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional

error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Portley-El first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Portley-El then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Portley-El fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Portley-El has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that his claims are procedurally barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as procedurally barred. It is

FURTHER ORDERED that the petitions to strike the pre-answer response (docket no. 9) and for entry of a default judgment (docket nos. 10 and 11) that Applicant filed on August 27, 2009, are denied.

DATED at Denver, Colorado, this 23 day of Sept, 2009.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01309-BNB

Patrick Duray Portley-El
Prisoner No. 62950
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk